RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 07/31/09

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DWAYNE JOHNSON | CIVIL ACTION NO. 08-0357 |
| VERSUS | JUDGE TUCKER L. MELANÇON |
| TRANSOCEAN OFFSHORE USA, INC. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court is Dwayne Johnson's ("plaintiff") unopposed Motion to Strike Jury Trial Request and Re-fix as a Rule 9(h) Bench Trial [Rec. Doc. 45]. For the reasons that follow, plaintiff's Motion will be **GRANTED**.

As a preliminary matter, the Court notes that defendant has not filed an opposition to plaintiff's motion. Pursuant to Local Rule 7.5W, defendant's response to plaintiff's Motion would have been due on July 17, 2009, fifteen (15) days after plaintiff filed its Motion. As of this date, no opposition or response has been filed. Based on the Court's own research and defendant's failure to file an opposition, plaintiff's motion has merit and should be granted.

## I. FACTS

Plaintiff, Dwayne Johnson, was employed and working for Weatherford U.S., L.P. ("Weatherford") as a rig system supervisor and was assigned to work aboard the CAJUN EXPRESS, a fifth generation semi-submersible drilling rig / vessel located in the Gulf of Mexico [Rec. Doc. 45]. The CAJUN EXPRESS was owned and operated by defendant, Transocean Offshore USA, Inc. ("Transocean"). On November 5, 2007, plaintiff slipped in hydraulic oil which was

on the rig floor of the CAJUN EXPRESS while he was in the process of installing a "lift compensator" during the course of his duties. *Complaint* [Rec. Doc. 1], ¶ 5. As a result of this accident, plaintiff allegedly suffered serious injuries to his lower back and lumbar spine. Specifically, plaintiff alleges that his injuries were a result of the unseaworthiness of the defendant's vessel, as his injuries were a direct and proximate result of the vessel crew's failure to clean up the hydraulic oil on the rig's floor.

On March 14, 2008, plaintiff filed a claim against defendant in the Western District of Louisiana asserting maritime and admiralty jurisdiction under both 28 U.S.C. § 1333 and the Jones Act, 46 U.S.C. § 688. In plaintiff's original Complaint, plaintiff asserted his right to a bench trial pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Despite Plaintiff's request for a bench trial, defendant requested a trial by jury in his Answer. On July 2, 2009, plaintiff filed its Motion to Strike Jury Trial Request and Re-fix as a Rule 9(h) Bench Trial. The plaintiff contends that the setting of this matter as a jury trial is in direct contravention to plaintiff's Rule 9(h) designation and his rights as a plaintiff in a suit arising under admiralty and general maritime law. Defendant has no filed no opposition to this motion.

## II. LAW AND ANALYSIS

*A. Admiralty and Maritime Jurisdiction*

Generally, where an accident with injury occurs on navigable waters and involves a traditional maritime activity, courts can properly invoke admiralty

jurisdiction. *Drachenberg v. Canal Barge Co.*, Inc., 571 F.2d 912 (5th Cir. 1978). Admiralty law has traditionally been concerned with furnishing remedies to those injured on navigable waters. *Thibodaux v. Atlantic Richfield Co.*, 580 F.2d 841, 846 (5th Cir. 1978); *Kelly v. Smith*, 485 F.2d 520 (5th Cir. 1973). In determining admiralty jurisdiction, courts usually consider the function and role of the parties, the types of vehicles or instrumentalities, the causation and type of injury, and traditional concepts of admiralty law. *Thibodaux*, 580 F.2d at 846.

On the present facts, the applicability of admiralty law and the Jones Act is neither disputed by defendant nor found to be inappropriate. The CAJUN EXPRESS was a vessel, and plaintiff was a Jones Act seaman at the time of the accident, as defined by 46 U.S.C. § 688 and the applicable jurisprudence as he was contributing to the vessel's mission and doing the vessel's work while aboard the vessel, which was over the navigable waters of the Gulf of Mexico. *See Becker v. Tidewater, Inc.*, 335 F.3d 376, 387-88 (5th Cir. 2003) (*citing Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995)). Further, the operation of defendant's vessel as a mobile offshore drilling unit is considered to be a "traditional maritime activity." *See i.e Laredo Offshore Constructors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223 (5th Cir. 1985). Moreover, jurisdiction in this case is appropriate under the Jones Act, 46 U.S.C. § 688, which provides that any seaman who suffers a personal injury in the course of his employment may maintain an action for damages at law. *Becker v. Tidewater*, Inc., 335 F.3d at 386 (*citing* 46 U.S.C. § 688(a)).

3

## B. The Right to Trial by Jury in Admiralty and Maritime Claims

Ordinarily, when a case involves admiralty or maritime claims, neither the plaintiff nor the defendant has a right to a trial by jury except as provided by statute. Fed. R. Civ. P. 38(e); *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1216 (5th Cir. 1986) ("[I]t is uncontested that admiralty jurisdiction gives no right to a jury trial"); *See also Harrison v. Diamond Offshore Drilling, Inc.*, 2007 WL 4107660, at *1 (E.D. La Nov. 15, 2007); *Smith v. Ensco Offshore, Inc.*, 1999 WL 346964, at *1 (5th Cir. May 18, 1999). Under the Jones Act, 46 U.S.C. § 688, however, a plaintiff has the option to choose a jury or a bench trial at his request. *Rachal*, 795 F.2d at 1215. This right to a trial by jury belongs only to the seaman-plaintiff, unless the plaintiff alleges diversity jurisdiction and chooses to pursue his Jones Act claim through the "savings to suitors'" clause in a civil action. *Id.* at 1214; *Harrison*, 2007 WL 4107660, at *1.[1]

In the instant case, plaintiff has brought his claim in admiralty and under the Jones Act, and therefore, only he has the right to a jury trial. Plaintiff has specifically asserted, and the facts clearly indicate, that jurisdiction exists in admiralty and under the Jones Act. Likewise, defendant does not dispute that admiralty jurisdiction is inappropriate or that plaintiff does not qualify as a "Jones Act" seaman. Defendant also does not propose, and the facts do not indicate, that plaintiff has alleged diversity jurisdiction and has chosen to pursue his claim

---

[1] The "saving to suitors'" clause, 28 U.S.C § 1333, provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, or any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

4

through the savings to suitors' clause in a civil action. Since only plaintiff has the right to request a jury trial and because plaintiff chose to make a designation under Rule 9(h) to have the matter tried before the bench, the Court should strike defendant's jury trial request.

## III. CONCLUSION

Because the right to a jury trial on claims in admiralty and under the Jones Act belongs exclusively to a plaintiff at his request, this matter will proceed as a bench trial pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Accordingly, plaintiff's Motion to Strike Jury Trial Request and Re-fix as a Rule 9(h) Bench Trial will be **GRANTED**.